UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:10-cv-350-FDW-DSC

| | |
|---|---|
| OWEN HARTY, ) </br> ) </br> Plaintiff, ) </br> vs. ) </br> ) **ORDER** </br> DENNY'S, INC., ) </br> ) </br> Defendant. ) </br> ) | |

THIS MATTER is before the Court on Defendant Denny's, Inc.'s Motion to Dismiss the Complaint for failure to state a claim on which relief can be granted pursuant to Rule 12(b)(6) and for failure to join a party under Rule 19 pursuant to Rule 12(b)(7). (Doc. No. 4). Plaintiff alleges that Defendant owns, leases, leases to, or operates a place of public accommodation, the property located at 4541 Sunset Road, Charlotte, North Carolina ("the property"). (Compl. ¶ 11). Defendant argues that it is not liable for Plaintiff's claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, and by naming only Defendant, Plaintiff has failed to join the actual owner of the property, a necessary party under Rule 19. Specifically, Defendant argues because it is merely a franchisor and not an owner, lessor, lessee, or operator of the property at issue in Plaintiff's Complaint, it cannot be liable under Title III. (Doc. No. 6 at 1). For the reasons set forth below, the Court will defer ruling on the legal sufficiency of Plaintiff's claim until a factual record is more fully developed. Accordingly, Defendant's Motion is DENIED at this time.

Title III of the ADA "imposes different requirements on 'existing facilities' than it does on 'new construction.'" Paralyzed Veterans of Am. v. Ellerbe Becket Architects & Eng'rs, P.C. (PVA

1

II), 950 F. Supp. 393, 395 (D.D.C. 1996); see also 28 C.F.R. §§ 36.304 and 36.401. Specifically, § 302 of the ADA, found at 42 U.S.C. § 12182, applies generally and provides in pertinent part that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, . . . or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Section 303, found at 42 U.S.C. § 12183, extends the prohibition of § 302 to new construction and alterations. Section 303 provides in pertinent part: "as applied to public accommodations and commercial facilities, discrimination for purposes of section 12182(a) of this title includes . . . a failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities," subject to certain exceptions. 42 U.S.C. § 12183(a)(1).[1]

Defendant's Motion presents an issue of first impression in the Fourth Circuit. There is currently a circuit split regarding the extent that franchisors who do not own or lease the property at issue are liable under § 303. In United States v. Days Inns of America, Inc. (DIA I), 151 F.3d 822, 824 (8th Cir. 1998), cert. denied, 526 U.S. 1016 (1999),[2] the Eighth Circuit extended liability to franchisors that exercise control over the design and construction of a new facility that violates the ADA's accessibility provisions. Finding that § 12183(a)(1) was silent as to who actually bore

---

[1] It is unclear from the pleadings whether the property at issue in Plaintiff's Complaint is "new construction" for the purposes of Title III and subject to § 12183, or an "existing facility," subject only to § 12182(a). (Compl. ¶ 20). Under either possibility, the Court's disposition of this Motion is the same, as a more fully-developed record is required for either analysis. A distinction may become important at subsequent stages of the litigation.

[2] This is one of five cases originally brought in several district courts. The government intervened on behalf of the plaintiff in DIA I and a related case in the Eastern District of Kentucky, United States v. Days Inns of America, Inc. (DIA II), 22 F. Supp. 2d 612 (E.D. Ky. 1998), cited below.

liability for new facilities that failed to meet the ADA's accessibility requirements, the court rejected the defendant's contention that liability was limited to "any person who owns, leases (or leases to), or operates a place of public accommodation," as prescribed by § 12182(a). Id. at 825. In order to avoid interpreting the statute in such a way that would leave a gap in liability for newly constructed "commercial facilities" and thus render terms in § 12183(a)(1) useless, the court concluded that "section [12183(a)]'s anti-discrimination requirements are not limited to owners, operators, lessors, and lessees of newly constructed facilities."[3] Id. Instead, the court held that liability for an inaccessible facility under section 12183(a) extends to a party that "possess[es] a significant degree of control over the final design and construction of the facility." Id. at 826. The court held that the defendant franchisor could be liable after examining its franchise agreement with its franchisee and concluding it "possessed extensive authority to control the design and construction process," id., but remanded the case to determine if the defendant had actual knowledge of the ADA violations. Id. at 827.

The Ninth Circuit and a number of district courts, on the other hand, have declined to extend liability for new facilities so broadly, opting to limit liability under § 12183(a) to "only owners, lessees, lessors, and operators of *either* public accommodations *or* commercial facilities," i.e. to those entities that are already liable under § 12182(a). Lonberg v. Sanborn Theaters, Inc., 259 F.3d 1029, 1034 (9th Cir. 2001) (emphasis included in the original); see also United States v. Days Inns of America, Inc. (DIA II), 22 F. Supp. 2d 612, 615 (E.D. Ky. 1998) ("Congress intended to limit

---

[3] To the extent a distinction exists under § 12183(a)(1) between a "public accommodation" and a "commercial facility," it was apparently immaterial to the Eighth Circuit's analysis. The DIA I court ultimately found the defendant hotel chain, a public accommodation, could still be liable under Title III's "design and construct" provision even though § 12182(a) already extends liability to owners, lessors, lessees and operators of public accommodations. 151 F.3d at 826.

liability under [§ 12183] to owners, operators, lessors, and lessees"); Paralyzed Veterans of Am. v. Ellerbe Becket Architects & Eng'rs, P.C. (PVA I), 945 F. Supp. 1, 2 (D.D.C. 1996) (same). The Ninth Circuit found this "parallel" approach to be consistent with Congress' intent and the text of the statute, noting it "avoids the problems created by the 'significant degree of control' interpretation [adopted by the Eighth Circuit in DIA I] to divine liability wholly divorced from the text of the statute." Lonberg, 259 F.3d at 1035.

Regardless of whether the Court adopts the "parallel" approach advocated by the Ninth Circuit or the "significant degree of control" approach advocated by the Eighth Circuit, more evidence is needed before a determination can be made as to Defendant's liability. If the Court adopts the "parallel" approach, the Court will have to determine whether Defendant "operates" the property for the purposes of § 12182(a).[4] DIA II, 22 F. Supp. 2d at 616; see also Neff v. Am. Dairy Queen Corp., 58 F.3d 1063, 1066 (5th Cir. 1995) (defining "operates" for the purposes of § 12182(a)). In determining whether a defendant franchisor who was not the owner or lessor was still liable as an operator of a facility that did not comply with § 12182(a), the Fifth Circuit in Neff held "the relevant inquiry in a case such as this one is whether [the defendant] specifically controls the modification of the franchises to improve their accessibility to the disabled." Neff, 58 F.3d at 1066 (citations omitted). The Fifth Circuit in Neff, like the Eighth Circuit in DIA I, reviewed the

---

[4] This assumes, without deciding, that Defendant is neither the owner, lessor, nor lessee of the property. Defendant denies liability under § 12182(a) (Doc. No. 6) and submits the Affidavit of Rachel Fowler-Gist to support its position. (Doc. No. 5). The Court may consider some matters outside the pleadings in ruling on a Rule 12(b)(6) motion, including public records. See 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004). However, affidavits submitted by defendants to support their motion are not among those permitted. See, e.g., Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000). "When matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material . . . or convert the motion to one for summary judgment . . . ." Id. (internal quotations omitted). The Court will not convert the instant Motion into one for summary judgment because discovery might aid the Court's inquiry, and so ignores Defendant's supporting affidavit.

franchise agreement finding the issue turned on " whether [the defendant], according to the terms of the franchise agreements with [the franchisees], controls modification of the San Antonio Stores to cause them to comply with the ADA." Id. at 1067. Therefore, under either approach, and regardless of whether the property is "new construction" under § 12183(a)(1) or an existing facility subject only to the general prohibition of § 12182(a), the Court must review the franchise agreement before determining the scope of Defendant's liability.

Accordingly, after considering the allegations in Plaintiff's Complaint and the controlling law, the Court believes that determination of the legal sufficiency of Plaintiff's claims against Defendant should be deferred until the next dispositive stage of litigation. See Flue-Cured Tobacco Co-op. Stabilization Corp. v. U.S. Envtl. Port. Agency, 857 F. Supp. 1137, 1145 (M.D.N.C. 1994) ("This claim can be adjudicated more accurately after the parties have developed the factual record."); Initial Scheduling Order, 3:07-MC-47 (Doc. No. 2) at § 3(c)(2) ("[T]he Court may elect to defer ruling on issues raised in Rule 12 and similar motions until the close of discovery"). The Court DENIES Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) at this time.

Defendant also argues that by failing to name the actual owner of the property, a required party under Rule 19, dismissal is warranted pursuant to Rule 12(b)(7). (Doc. No. 4). "To determine whether a party should be joined, Rule 19 . . . sets forth a two-step inquiry, examining: (1) whether the party is 'necessary' to the action under Rule 19(a); and (2) whether the party is 'indispensable' under Rule 19(b)." Am. Gen. Life Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005) (citations omitted). Deciding whether Plaintiff's failure to join other parties under Rule 19 – specifically the franchisee of the particular Denny's location at issue and/or any other owner, lessor, lessee or operator of the property – mandates dismissal at this stage of the proceeding "requires an analysis of the relative duties of [Defendant] and its franchisees that cannot be accomplished on the

5

limited record" before the Court. Equal Rights Ctr. v. Hilton Hotels Corp., No. 07-1528, 2009 WL 6067336 at *8, n.6 (D.D.C. March 25, 2009). The Court therefore DENIES Defendant's Motion to Dismiss pursuant to Rule 12(b)(7).

However, joining additional parties would advance the policy underlying Rule 19 "of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting absent persons from the possible prejudicial effect of deciding the case without them." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 1604 (3d ed. 2004). The Court finds that additional parties, including any other parties that may also be the owner, lessor, lessee or operator of the property, should be joined under Rule 19 and DIRECTS Plaintiff to amend his Complaint accordingly.

IT IS THEREFORE ORDERED:

1. Defendant's Motion to Dismiss the Complaint pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure (Doc. No. 4) is DENIED.

2. To the extent Defendant moves to add parties pursuant to Fed. R. Civ. P. 19, the Motion is GRANTED.

3. Plaintiff is DIRECTED to amend his Complaint to add additional parties that may also be an owner, lessor, lessee, or operator of the property.

IT IS SO ORDERED.

Signed: November 18, 2010

Frank D. Whitney
United States District Judge