# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-cv-350-FDW-DSK

| | |
|---|---|
| OWEN HARTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| PARTNERSHIP SHIERIDAN-PINEGROVE, | ) |
| J.A. HARTMAN PARTNERSHIP, & | ) |
| DENNY'S INC., a California corporation, | ) |
| dba Denny's Restaurant, Raleigh | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon Defendant Denny's, Inc.'s ("Defendant") Motion to Dismiss, Defendant's Alternative Motion for Show Cause Order or Sanctions, and Defendant's Motion to Strike. All three motions are DENIED for the reasons stated herein.

## I. BACKGROUND

Plaintiff filed a complaint against Defendant Denny's Inc. and no other parties on August 1, 2010 (Doc. No. 1) alleging several violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., at a Denny's restaurant located at 4541 Sunset Road in Charlotte. Defendant filed a motion to dismiss with an affidavit from the company's Franchise Legal Analyst alleging that Defendant is not the record owner of the property in question. The Court denied that motion, deferring ruling on Defendant's liability until the end of discovery due to the need for more evidence (Doc. No. 14). The Court did, however, order Plaintiff to amend the complaint to add parties, such as the owner, lessor, lessee, or operator of the property, that may be necessary to advance the policy of Fed. R. Civ. P. 19 "of avoiding multiple litigation, providing the parties

with complete and effective relief in a single action, and protecting absent persons from the possible prejudicial effect of deciding the case without them." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, <u>Federal Practice and Procedure</u>, § 1604 (3d ed. 2004). Plaintiff then amended the complaint on July 26, 2011 to add two additional defendants, Partnership Sheiridan-Pinegrove and J.A. Hartman Partnership (Doc. No. 15). Service on the two new defendants has not been executed, but Plaintiff is still within the time period allowed to do so. <u>See</u> Fed. R. Civ. P. 4(m). Defendant Denny's, Inc. has now filed a Motion to Dismiss with an alternative Motion for Show Cause and a Motion to Strike. Time twice expired for Plaintiff to respond to the motions, and the second motion for an extension of time was denied.

## II. DISCUSSION

A.     MOTION TO DISMISS FOR LACK OF STANDING

Defendant first alleges that Plaintiff's case should be dismissed because Plaintiff lacks standing, and therefore the Court lacks subject matter jurisdiction. <u>See</u> Fed. R. Civ. P. 12(b)(1). A district court should only grant a Rule 12(b)(1) motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." <u>Richmond, Fredericksburg, & Potomac R. Co. v. United States</u>, 945 F. 2d 765, 768 (4th Cir. 1991). The burden of proving standing is on the Plaintiff, <u>see</u>, <u>e.g.</u>, <u>Miller v. Brown</u>, 462 F.3d 312, 316 (4th Cir. 2006); however, in this case, the Court has previously ruled that this particular Plaintiff has standing when bringing a cause of action under the Americans with Disabilities Act ("ADA") in Charlotte. <u>See</u>, <u>e.g.</u>, <u>Disabled Patriots of America, Inc. v. Fu</u>, No. 3:08-cv–542-RJC-DSC, 2009 WL 1470687, slip op. at 3 (W.D.N.C. May 26, 2009); <u>but see</u> <u>Harty v. Luihn Four, Inc.</u>, 747 F. Supp. 2d 547 (E.D.N.C. 2010) (holding that Mr. Harty did not have standing to sue in Raleigh, N.C.).

In order to demonstrate standing, and thus survive Defendant's Motion, Plaintiff must satisfy the "irreducible constitutional minimum" that (1) he has suffered an injury in fact, that is, "an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;" (2) the injury is fairly traceable to the defendant's actions; and (3) it is likely, and not merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal quotation marks omitted); see also Long Term Care Partners, LLC v. United States, 516 F.3d 225, 230-31 (4th Cir. 2008). Equitable remedies are only available upon a showing that a plaintiff has suffered irreparable injury, "a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). Absent a claim of future injury, a plaintiff lacks standing to bring a claim for injunctive relief. Id. at 105. The allegation that a plaintiff will suffer future injury must not be speculative and must be more specific than merely saying future harm will occur "some day." Lujan, 504 U.S. at 564.

In Disabled Patriots of America, Inc. v. Promenade Shopping Center LLC, No. 3:08-cv-533-FDW-DCK (W.D.N.C. Nov. 25, 2009), an evidentiary hearing was held to address the question of whether Mr. Harty had standing to bring ADA Title III suits in and around Charlotte. After considering Mr. Harty's testimony and weighing the factors to determine whether it was likely that Mr. Harty would return to the defendant's establishment, the Court held that Mr. Harty had standing to bring a Title III action. (See generally Tr. of Feb. 18, 2009 Mot. to Dismiss Hr'g). The Court considered that Mr. Harty regularly travels to Charlotte to attend gun-shows, where he purchases teaching materials and firearms for his job as a certified firearms instructor in Florida. Mr. Harty testified that he visits several establishments around Charlotte, mostly along his

preferred route of Interstate 485. The Court takes judicial notice that the property in question in this case, 4541 Sunset Road in Charlotte, lies about four (4) miles from Interstate 485 and one-tenth of a mile from Interstate Seventy Seven (77), which intersects Interstate 485. Mr. Harty has also previously testified that he plans to return to Charlotte with his wife in an effort to convince her to move permanently to Charlotte. Id. Therefore, at this stage in litigation, Defendant's Motion to Dismiss for lack of standing is DENIED.

B.  MOTION FOR SHOW CAUSE ORDER OR SANCTIONS

Defendant moves for a show cause order to be issued or for sanctions against Plaintiff for failing to add the proper necessary parties as required by F. Rule Civ. P. 19 and the Court's order directing Plaintiff to add additional parties (Doc. No. 14). However, Plaintiff did add two additional parties, Partnership Shieridan-Pinegrove and J.A. Hartman Partnership. While Defendant contends these are the incorrect parties to be added, Defendant does not have standing to make that claim. Partnership Shieridan-Pinegrove and J.A. Hartmans Partnership are the only parties with standing to allege there is no claim against them. See, e.g., U.S. v. Jackson, 585 F.2d 653, 658 (4th Cir. 1978) ("Neither would it be possible to claim standing if it were found that his co-defendant had standing."); see generally Barrows v. Jackson, 346 U.S. 249, 255 (1953). Therefore, Defendant's Motion for Show Cause Order or Sanctions is DENIED.

However, Plaintiff is DIRECTED to perform due diligence to ensure that all the necessary parties, including those that are an owner, lessor, lessee, or operator of the property be included as parties to this action. This is Plaintiff's final warning. If all necessary parties are not included at the conclusion of discovery, this action will be dismissed without prejudice.

C.  MOTION TO STRIKE SECTIONS OF AMENDED COMPLAINT

In the alternative to Defendant's motion in Subsection B, Defendant moves to strike all

words, sections, parts, and phrases of the Amended Complaint (Doc. No. 15) that were added to, and not originally included within, Plaintiff's original complaint (Doc. No. 1). These added sections include a phrase in Paragraph 2, amended to add "who frequents the Denny's restaurants, who travels several times per year to North Carolina," as well as the word "definitely" in Paragraph 7 and a reference in Paragraph 11 to the new parties being added to the complaint.

No new claims are added by Plaintiff in the Amended Complaint (Doc. No. 15). The phrase added in Paragraph 2 was already included elsewhere in the original complaint. The word "definitely" in Paragraph 7 adds little to the factual allegation that Mr. Harty plans to return to the property. Lastly, the language added in Paragraph 11 relates directly to the order by the Court to add necessary parties. The fact that Plaintiff alleges that the two added parties are listed in the Mecklenburg County Assessor's Office as owners of the property in question is helpful in aiding the Court on a question that is clearly in dispute: who owns the property at 4541 Sunset Road in Charlotte. Therefore, Defendant's Motion to Strike is DENIED.

### III. CONCLUSION

IT IS THEREFORE ORDERED:

(1) Defendant's Motion to Dismiss is DENIED.

(2) Defendant's Motion for Show Cause Order or Sanctions is DENIED.

(3) Plaintiff is DIRECTED to perform due diligence and determine all necessary parties to this action.

(3) Defendant's Motion to Strike is DENIED.

Signed: October 14, 2011

Graham C. Mullen
United States District Judge