| | | |
|---|---|---|
| OWEN HARTY | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| DENNY'S, INC., JA HARTMAN | ) | |
| PARTNERSHIP, and PARTNERSHIP | ) | |
| SHIERIDAN-PINEGROVE, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court *sua sponte* following Plaintiff's failure to file any motions or pleadings in this matter since the Court entered an order denying Defendant Denny's motion to dismiss (Doc. No. 28). That order was issued on October 14, 2011, meaning joinder of the issues occurred ten (10) days thereafter; however, no conference pursuant to Fed. R. Civ. P. 26(f) has occurred. Because of this substantial delay, the Court ORDERS Plaintiff to SHOW CAUSE why this matter should not be dismissed for failure to prosecute.

A District Court has the inherent authority to dismiss a case for failure to prosecute, and Fed. R. Civ. P. 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). However, the Court must exercise restraint because dismissal is a severe sanction. The Court therefore balances the need to prevent delays with the sound public policy of deciding cases on their merits. See Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The court considers four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less

drastic than dismissal." <u>Hillig v. Comm'r of Internal Revenue</u>, 916 F.2d 171, 174 (4th Cir. 1990).

Accordingly, the Court will allow Plaintiff an opportunity to SHOW CAUSE why this matter should not be dismissed before dismissing the case *sua sponte.* Plaintiff shall SHOW CAUSE why the complaint should not be dismissed within fourteen (14) days of the issuance of this order.

IT IS SO ORDERED.

Signed: April 16, 2012

Frank D. Whitney
United States District Judge